IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSICA ANN LEE                                                                                      PLAINTIFF

v.                                            CASE NO.        11-02143

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration                                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

The plaintiff filed her applications for DIB and SSI on August 6, 2009, alleging an onset date of September 14, 2006, due to plaintiff's stomach pain and being diabetic insulin dependent (T. 154). Plaintiff's applications were denied initially and on reconsideration. Plaintiff then requested an administrative hearing, which was held on May 27, 2010. Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 29 years of age and possessed a High School education. The Plaintiff had past relevant work ("PRW") experience as a furniture

assembler, cashier and ice deliver helper  (T. 161).

On August 31, 2010, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's diabetes mellitus, headaches, abdominal pain, and mood disorder did not meet or equal any Appendix 1 listing.  T. 13-14.  The ALJ determined that the Plaintiff could perform light work with additional limitations. With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform her past relevant work as a cashier.  T. 18.

## II.     Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  *Pearsall v.*

*Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

      The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.**    **Discussion**:

      The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to lift and carry twenty pounds occasionally and ten pounds frequently, sit, stand and/or walk for six hours during an eight-hour workday but that she could not climb ladders, ropes, or scaffolds and that she could understand, remember, and carry out simple, routine, and repetitive tasks, and able to respond appropriately to supervisors, co-workers, the general public, and usual work situation.

T. 15. With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform her past relevant work as a cashier.  T. 18.

Plaintiff only makes one argument contending that the ALJ committed reversible error by finding the Plaintiff could return to full time work as a cashier as she performed the job and as the job is performed in the national economy. (ECF No. 8, p. 10).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record.  *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing  Lauer v. Apfel, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence,

we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

"The RFC is a function-by-function assessment of an individual's ability to do work-related activities based upon all of the relevant evidence." *See Casey v. Astrue* 503 F.3d 687, 696 -697 (C.A.8 (Iowa),2007) citing *Harris v. Barnhart*, 356 F.3d 926, 929 (8th Cir.2004); see also 20 C.F.R. § 404.1545(a) ("We will assess your residual functional capacity based on *697 all the relevant evidence in your case record."). While the ALJ must consider all of the relevant evidence in determining a claimant's RFC, the RFC is ultimately a medical question that must find at least some support in the medical evidence of record. *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir.2004).

A.  Credibility

The Plaintiff argues that the ALJ ignored a "consistent and long history of medical care, even the mental evaluations" (T. 11).  The Plaintiff does not elaborate on any specifics but this seems to be a disagreement with the credibility determination by the ALJ.  The ALJ found that the "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above" RFC. (T. 17).

The Plaintiff testified that she was unable to work because she could not stand for a long time (T. 45) because of the pain in her back and because of her vomiting. (T. 46).  She testified that she woke up with the pain and never got any relief. (T. 47).  She seems to attribute the pain and vomiting to her diabetic condition.

The Plaintiff was first treated for diabetes in July 2007.  At that time Dr. Riche noted that

her past medical history was unremarkable but she did indicate "a little bit of nausea, occasional vomiting, some diarriah, and abdominal discomfort at times". She also complained of some back pain and some headaches". Dr. Riche noted that the Plaintiff smoked a pack of cigarettes per day and that she was 30 weeks into her second pregnancy. (T. 260). In October 2007 she had no complaints of pain or vomiting. (T. 252). In November 2007 the Plaintiff was seen for a goiter in her thyroid. She was still smoking a half a pack of cigarettes per day but she denied any "melena or hematochezia, hematuria, dysuria, abdominal pain, or heart arrhythmias". (T 251). She made no complaints of vomiting or back pain.

In January 2008 she was seen by Dr. Howell for her diabetes management and he noted that all was going well although she did complain of "some pain" but that was just after her thyroid operation. The Plaintiff informed Dr. Howell that she was not experiencing any nausea or vomiting. (T. 420).

On August 19, 2008 she is seen by Dr. Richardson complaining of nausea, vomiting, and diarrhea. She told Dr. Richardson that she did not smoke and he noted a psychosocial history significant for stress. (T. 295). Dr. Richardson planned to run some test on the Plaintiff but did not prescribe any medication at the time. (T. 296). A clost difficile test was performed on August 19, 2008 which was negative. (T. 275). A gastric emptying stud was performed on August 22, 2008 which was normal. (T. 284). A beta HCG test was done on August 22, 2008 which was negative. (T. 273). A H Pylori Antibody test was performed on August 27, 2008 which was negative. (T. 274).

There is no objective medical evidence that the court has found in the record to justify the plaintiff's subjective claims of disabling pain. An ALJ may not disregard a claimant's subjective

complaints solely because the objective medical evidence does not fully support them. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ is required to take into account the following factors in evaluating the credibility of a claimant's subjective complaints: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. *See id.* The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the plaintiff's complaints. *Masterson v. Barnhart,* 363 F.3d 731, 738 (8th Cir.2004). However, the ALJ need not explicitly discuss each *Polaski* factor. *Strongson v. Barnhart,* 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ only need acknowledge and consider those factors before discounting a claimant's subjective complaints. *Id.* In the present case, the ALJ failed to acknowledge or discuss the factors in his credibility assessment of plaintiff.

    1.  Mental

The court notes that the Plaintiff did not list any mental illness as a reason for her inability to work. This is significant even if the issue of mental impairment is subsequently developed. See *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir.1993); *Dunahoo v. Apfel*, 241, F. 3d 1033, 1039 (8th Cir. 2001).

The Plaintiff had no history of mental health treatment. (T. 315). It is true that, "[w]hile not dispositive, a failure to seek treatment may indicate the relative seriousness of a medical problem ." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir.1995). *Id.*; *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (holding that lack of formal treatment by a psychiatrist, psychologist, or other mental health professional is a significant consideration when evaluating

Plaintiff's allegations of disability due to a mental impairment).

Notwithstanding the failure of any mental health treatment in her past the ALJ ordered a consultive evaluation by Dr. Terry Efird. Dr. Efird diagnosed the plaintiff as depressed (T. 318) but also noted that he had "questions regarding symptom exaggeration and/or malingering". (T. 319). Dr. Kay Gale found the Plaintiff to be only Moderately Limited in four categories and Not Significantly limited in sixteen remaining categories. (T. 325-326).

2.  Physical

The ALJ first noted that the Plaintiff's diabetes was stable with insulin use. (T. 419). Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits. *See, e.g., Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir.2004); *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir.1987); see also *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir.1983) (affirming a denial of benefits and noting that the claimant's impairments were responsive to medication). *Warre v. Commissioner of Social Sec. Admin*. 439 F.3d 1001, 1006 (C.A.9 (Or.),2006).

The ALJ noted that while the plaintiff complained of daily vomiting and nausea, her weight remained stable. On July 13, 2007, during her second pregnancy, she weighed 213 pounds. (T. 261). On October 25, 2007, after the delivery of her second child, she weighed 206 pounds. (T. 252). On August 19, 2008 she weighed 217 pounds (T. 295) and on February 25, 2010 she weighed 215 pounds (T. 347). The ALJ correctly found that the Plaintiff's alleged daily vomiting and nausea was inconsistent with the fact that her weight stayed constant.

The Plaintiff acknowledged in 2007 that she smoked about a pack of cigarettes a day and had for 13 years (T. 260). Her medical records indicate that she continued to smoke in January

2008 (T. 420).  In August 2009 her Diabetic Follow-Up visit showed that she was tobacco dependent and she was encouraged to stop. (T. 233).  When the Plaintiff testified before the ALJ she admitted that she was still smoking about a pack a day. (T. 52).  In addition to the results of objective medical tests, an ALJ may properly consider the claimant's noncompliance with a treating physician's directions, *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir.2001), including failing to quit smoking. *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir.1997); *Choate v. Barnhart* 457 F.3d 865, 872 (C.A.8 (Mo.),2006).

      The Plaintiff testified that she dresses herself okay, bathed without problem, fixed her own meals and cared for her nine year old and two year old.  She also testified that she did all of the household chores. (T. 52-52).  This is consistent with her Function Report completed on August 21, 2009 where she indicated that she took care of her own personal needs (T. 172), prepared her own meals (T. 173), and was able to drive and shop (T. 174). These activities do not support plaintiff's claim of disability.  *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) (ability to care for one child, occasionally drive, and sometimes go to the store); *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996) (ability to visit neighbors, cook, do laundry, and attend church); *Novotny v. Chater*, 72 F.3d at 671 (ability to carry out garbage, carry grocery bags, and drive); *Johnston v. Shalala*, 42 F.3d 448, 451 (8th Cir. 1994) (claimant's ability to read, watch television, and drive indicated his pain did not interfere with his ability to concentrate); *Woolf v. Shalala*, 3 F.3d 1210, 1213-1214 (8th Cir. 1993) (ability to live alone, drive, grocery shop, and perform housework with some help from a neighbor).

      The court finds that the ALJ properly discounted the allegations of disabling pain made by the Plaintiff.

Plaintiff has the burden to show that she is unable to perform her past relevant work at step four. *Ingram v. Chater*, 107 F.3d 598, 604 (8th Cir. 1997). The Plaintiff has failed to point to any specifics in the record that show that the Plaintiff has met this burden.

After a review of the entire records the court is satisfied that the ALJ properly assessed the Plaintiff's RFC and determined that she could return to her past relevant work.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated this August 21, 2012.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE